Eligha MOORE, Appellant,

v.

STATE of Indiana, Appellee.

Martin Anthony WILLIAMS, Appellant,

v.

STATE of Indiana, Appellee.

Nos. 284 S 52, 184 S 22.

Supreme Court of Indiana.

Nov. 19, 1985.

James S. Nagy, Munster, for Eligha Moore.

Kevin B. Relphorde, Gary, for Martin Anthony Williams.

Linley E. Pearson Atty. Gen., Kenneth P. Williams Deputy Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellees.

PIVARNIK, Justice.

Defendants-Appellants, Eligha Moore and Martin Anthony Williams, were tried and convicted by a jury in Lake County Superior Court and the Honorable James E. Letsinger imposed their sentences. Both defendants were convicted of four counts of robbery and found to be habitual offenders. They were sentenced to a period of twenty (20) years for each count of robbery, said sentences to run concurrently, and each of their sentences was enhanced an additional thirty (30) years for being found habitual offenders.

The facts adduced at trial indicate that on October 27, 1982, Priscilla Johnson, Ernest and Emily Knott, John Broods, Fred Marrell and Gwendolyn Robinson were playing cards in the Knotts' basement in Hammond, Indiana. Two armed black males entered the basement around 10:30 p.m. and announced a robbery. They ordered all persons to lie on the floor and took money and jewelry from them, including Mrs. Johnson's watch and Emily Knott's ring. As the robbers were preparing to leave, Hammond Police Officers Thomas and Shelton drove up to the house. Officer Thomas entered the house through an open window, illuminating the area with his flashlight. He noticed a man coming out of the kitchen carrying a sawed-off shotgun. When Thomas commanded the subject to halt, the subject raised his shotgun and Thomas fired two shots. The suspect fled to the back bedroom and was apprehended there in a bedroom closet. The sawed-off shotgun was found under a nearby bed. Officer Thomas identified the suspect as Defendant Moore. During a strip search of Defendant Moore, Officer Frank Hughes of the Lake County Police

Department confiscated a ring belonging to Mrs. Knott. The other robber, Defendant Williams, was apprehended while fleeing the scene. He was lying on the ground between two nearby houses, a black mask next to him. One of the robbers was identified by the victims as wearing a black mask and carrying a handgun. Other items discovered in Defendant Williams' flight path were gloves and a Colt pistol. When Defendant Williams was booked, a DeLock's liquor store receipt and over $600.00 were found on him.

Priscilla Johnson stated that prior to the robbery, she, Mrs. Knott, and Mrs. Robinson had gone to the Jewel store to cash Johnson's paycheck. After receiving $227.00, the women stopped at DeLock's Liquor store for Johnson to make a purchase. Johnson, owing Knott, gave Knott some wine and change from the store. Knott placed the bills and receipt in her bra.

Appellants now raise the following errors upon direct appeal:

1. improper venue;

2. improper certification of admitted evidence;

3. improper admission of a statement from a deceased witness, Ernest Knott;

4. improperly giving Instruction Number 10 and refusing to give tendered Instruction Number 3, 4, and 7;

5. improper admission of certain evidence;

6. improper refusal of a motion for continuance; and

7. sufficiency of the evidence.

I

■ Appellant Moore in alleging improper venue asserts that there was no evidence showing the robbery was committed in Lake County. He does so in a single sentence and offers no further argument or support for his assertion. Pursuant to Ind.R.App.P. 8.3(A)(6), he has waived this issue for failure to present an argument in

support of his assigned error. Additionally, there was evidence showing the crime took place at 904 Drackett Street, Hammond, Indiana. Because Hammond, Indiana is situated within Lake County, Lake County was the proper venue for Appellant's case.

## II

Appellant Moore contends the following three official records admitted into evidence by the trial court were not properly certified: the death certificate of Ernest Knott and two prison records from Appellant's previous convictions. Appellant argues that the person certifying the death certificate is not designated as "the officer having legal custody of the record, or is his deputy," as required by Ind.R.Tr.P. 44(A)(1). He also cites as error the wording on the death certificate stating the certificate is a "true and accurate" copy whereas Ind.R.Tr.P. 44(A)(1) requires a "true and complete" copy.

■ The person certifying the death certificate signed a sworn statement that stated she was the lawful keeper of the records for the coroner. Similarly, the official certifying the prison records also signed statements swearing they were the duly appointed record keepers of the State Prison and Pendleton Reformatory. As such, these persons fulfilled the requirements of Ind.R.Tr.P. 44(A)(1). Also, the wording "true and accurate" is semantically synonymous with "true and complete" for purposes of Ind.R.Tr.P. 44(A)(1). Accordingly, all records were properly admitted. *Johnson v. State* (1977) 267 Ind. 256, 369 N.E.2d 623, *cert. denied*, 436 U.S. 948, 98 S.Ct. 2855, 56 L.Ed.2d 791.

■ Appellant Moore continued to argue that there was insufficient evidence to show he was the same person about whom the prison records reported. The prison records were introduced to establish his status as an habitual offender. In addition to his name, the records also contained frontal and profile photographs allowing the trial court a sufficient amount of evidence to conclude the prison records were those of Appellant.

■ Finally, Appellant Moore argues that even if the death certificate was properly certified, it is not sufficient evidence of Ernest Knott's unavailability for testimony, arguing the certificate merely identified Knott by name. However, the death certificate also correctly listed Ernest Knott's address. The trial court, noting this additional identifying information, properly ruled that the death certificate was sufficient evidence of the unavailability of Ernest Knott. Accordingly, Appellant has failed to demonstrate error in this issue.

## III

■ Appellant Moore also claims that the testimony of Ernest Knott, taken at a hearing before his death on a motion to suppress, should not have been admitted at trial. Knott's statement identified Appellant Moore as the man holding a shotgun during the robbery. Appellant correctly states that at the time of the hearing he was charged with one count of robbery and with being an habitual offender. The Information charged him with committing the offense against one person, Ernest Knott. After the hearing, but before trial, Ernest Knott died. Thereafter, the State dismissed the one count Information and filed a four count Information, charging Appellant with committing robbery upon Ernest and Emily Knott, Priscilla Johnson, and Gwendolyn Robinson. Appellant argues it was improper to use the testimony of Ernest Knott from the hearing when at that time Appellant did not have the opportunity to cross-examine Knott as to the robberies committed against these other victims. However, Appellant fails to support his allegation of error with any demonstration of harm. As long as Ernest Knott's testimony was restricted to acts committed against him, there is no violation of Appellant's rights in the admission of such testimony. Appellant was given the right to, and did, fully cross-examine the witness as to acts committed against Ernest Knott. Appellant neither alleges nor shows that

the testimony of Ernest Knott referred to acts committed against the other victims, which Appellant did not cross-examine the witness about by reason that he was not charged at that time with robbery against them. Consequently, Appellant fails to demonstrate any prejudice. Despite Appellant's failure to demonstrate that the new Information denied him the opportunity to cross-examine Knott on matters mentioned concerning the other victims, we do note one such instance in the record. On cross-examination, Ernest Knott stated Appellant had gone upstairs with Emily Knott. Although this testimony was admitted into evidence and Appellant could not have known at the time to cross-examine Appellant about it, it was not of such prejudicial impact as to warrant reversal. There was ample evidence of robbery against the other three victims, independent of Ernest Knott's testimony, to convict Appellant of these other robbery charges. Accordingly, Appellant's inability to cross-examine Ernest Knott as to this single incident where mention of another victim was made is harmless error. *See McNew v. State* (1979), 271 Ind. 214, 391 N.E.2d 607.

## IV

Next Appellant argues he was prejudiced by the reading of Instruction Number 10 to the jury because there was no evidence that he ever fled the scene of the crime. Instruction 10 read as follows:

"The flight of a person immediately after the commission of a crime and other evidence of actions calculated to avoid arrest though not proof of guilt are evidence of consciousness of guilt and are circumstances which may be considered by you in connection with all other evidence."

(Record at 270).

The record shows that after Appellant Moore encountered Officer Thomas, he fled to the back bedroom. He was found hiding in the bedroom closet. Also, Officer Shelton identified Appellant as the subject who attempted to exit the scene via the back door and later the side window.

Therefore, there was sufficient evidence that Appellant attempted to flee or took other action to avoid arrest. Accordingly, the trial court properly instructed the jury with this instruction.

Appellant Moore also claims the trial court erroneously refused to give his tendered Instructions 3, 4, and 7. Instructions must be considered in their entirety and with reference to each other. An error in a particular instruction will not justify reversal unless it is of such a nature that the whole charge of which it forms a part misleads the jury on the law of the case. *Bixler v. State* (1984), Ind., 471 N.E.2d 1093, *reh. denied.* Furthermore, refusal by the trial court to give a tendered instruction is not reversible error if the substance of the instruction was adequately covered by other instructions *Kalady v. State* (1984), Ind., 462 N.E.2d 1299. It is also a long standing rule that the instructing of a jury is largely within the discretion of the trial court, and will be reviewed only for an abuse of discretion. *Buttram v. State* (1978), 269 Ind. 598, 382 N.E.2d 166, *reh. denied.* Each instruction Appellant claims should have been given dealt with either the credibility of the witnesses regarding identification of Appellant or the burden of proof. The trial court covered these issues in depth by giving Instructions 7, 8, and 10. Accordingly, the trial court did not abuse its discretion by refusing to give Appellant's tendered instructions.

## V

The State's Exhibit Number 2 was a man's watch which was taken from Appellant Williams during his booking. The prosecutor's attempt to admit it into evidence was thwarted by Appellant Williams' objection, claiming the watch was irrelevant because the prosecutor had failed to establish it belonged to any of the victims. Prior to the State's attempt to introduce the watch, Officer Perez testified that upon booking Appellant, he discovered a watch in Williams' pocket. Now Appellant claims he was prejudiced by Officer Perez's irrelevant statement. However, at

the time Officer Perez made the statement, Appellant Williams did not object to the statement. Accordingly, he failed to preserve this issue for appeal. *Lowery v. State* (1985), Ind., 478 N.E.2d 1214, *reh. denied.* Further, before an Appellant is entitled to reversal, he must demonstrate that the alleged error was prejudicial. *Wagner v. State* (1985), Ind., 474 N.E.2d 476. Officer Perez's mere mention of the watch was not so prejudicial as to warrant reversal.

 Appellant Williams also contends that the trial court erred by admitting Exhibit Number 22, a bag of marijuana taken from Williams after his arrest, and Exhibit Number 16, a green box containing marijuana, which was found near Williams when he was apprehended. Over Appellant Williams' objections, based on irrelevancy, the court admitted these exhibits. Several witnesses testified about the Knotts' reputation for selling marijuana and how the robbers demanded marijuana during the robbery. The most significant testimony was given by Mrs. Robinson, who testified that the robbers stated they knew the Knotts' had two pounds of marijuana and they wanted it. Evidence having a tendency to prove a material fact is relevant and admissible even though its tendency to so prove the material fact may be slight. *Grimes v. State* (1983), Ind., 450 N.E.2d 512; *Armstrong v. State* (1982), Ind. 429 N.E.2d 647. These exhibits were found at the scene of apprehension and on Appellant Williams. They were relevant in connecting the accused with the crime. We see no error in this issue.

## VI

 Appellant Williams argues that the trial court abused its discretion by denying his motion for continuance filed the last day of trial. Appellant filed the motion due to the failure of a material witness to respond to a subpoena and to meet what Appellant claims was surprise evidence. However, neither reason presented circumstances meriting the granting of a continuance.

The procedure for gaining a continuance due to the absence of a witness is governed by Ind.Code § 35–36–7–1. The statute requires an affidavit be filed showing the evidence is material, due diligence has been used to obtain the evidence, and the location of the evidence. Appellant concedes his failure to file an affidavit in support of his motion for a continuance. Furthermore, the court felt as if Appellant had not used due diligence in procuring the witness as demonstrated by the following remark by the court:

> "What disturbs me [is] it comes late in the afternoon. As soon as I announced we're going to finish the case, then you come up with a reason why it cannot be finished tonight which is extremely disturbing since you've known for two (2) days that he wasn't going to respond to the subpoena. We could have had the arrest warrant out two (2) days ago, had him in custody ready to testify if in fact what you say is true."

(Record at 857).

Because Appellant did not comply with the statutory guidelines, it was not error for the trial court to deny Appellant's motion for continuance.

 Appellant also contends that a continuance should have been granted to allow him to meet the surprise evidence of the watch about which Officer Perez testified but which was not admitted into evidence. A trial court's ruling on a motion for continuance based on nonstatutory grounds can be reversed only for an abuse of discretion. *Randall v. State* (1985) Ind., 474 N.E.2d 76 *reh. denied.* In the case at bar, the alleged surprise evidence was never admitted into evidence. Further, prior reference to this evidence was not objected to by Appellant, thereby precluding Appellant from raising this issue on appeal. If Appellant had made a timely objection, the court could have used such curative measures as admonishing the jury to disregard any reference to the inadmissible exhibit. In light of these circumstances, we find it was not an abuse of discretion for the trial

court to deny Appellant's motion for continuance.

### VII

 Finally, Appellants Moore and Williams contend there was insufficient evidence presented at trial to support their convictions. Appellant Moore contends that with respect to Emily Knott there was no evidence of her being robbed or placed in fear, as required by Ind.Code § 35–42–5–1. Where the sufficiency of evidence is challenged on review this Court will neither weigh the evidence nor determine the credibility of witnesses, but rather will look to evidence most favorable to the State together with all reasonable inferences therefrom. We will then determine if there is substantial evidence of probative value from which the trier of fact might reasonably infer guilt beyond a reasonable doubt. *Harris v. State* (1985), Ind., 480 N.E.2d 932. Priscilla Johnson identified a ring taken from Appellant Moore when he was strip-searched as the ring taken from Emily Knott. Accordingly, there was sufficient evidence that Appellant had taken Emily Knott's ring. Further, in response to Appellant's claim that there was no evidence indicating Emily Knott was placed in fear, the law is well settled that to establish the offense of Robbery, it is not necessary for a victim to testify he or she was actually put in fear. There need only be evidence from which a jury could infer that a victim was put in fear. *Brewer v. State* (1977), 267 Ind. 238, 369 N.E.2d 424. The evidence showed that Appellant and his cohort entered the basement armed with guns, demanded that everyone lie on the floor and be still, and threatened to kill anyone who did not cooperate. This was sufficient evidence from which the jury could infer that Emily Knott and the others were placed in fear.

 Appellant Moore also claims there was insufficient evidence identifying him as one of the robbers. However, Ernest Knott positively identified Appellant as one of the robbers. The other victims gave a description of him which matched Appellant Moore's clothing and appearance when he was apprehended within the house. Officer Thomas identified Appellant as the man brandishing a shotgun and whom he accosted inside the Knotts' house. The jury clearly heard sufficient evidence from which it could infer that Appellant was one of the robbers.

 Appellant Williams also argues there was insufficient evidence identifying him as one of the robbers. However, Officer Thomas identified Appellant Williams as one of the men he saw on the Knotts' front porch as he and another officer approached the house. Subsequently, both men fled. Appellant Williams was apprehended shortly thereafter only a few houses away. A mask, which victims described one of the robbers as wearing was found in the general vicinity where he was apprehended. Further, a pistol and gloves were also located on the path of Williams' flight. Significantly, a DeLock's liquor store receipt was found on Appellant with some money. One of the victims testified they had stopped at this store after cashing a paycheck. Over $600.00 was found in various pockets of Appellant's coat. This was sufficient evidence of probative value from which the jury could conclude that Williams was one of the robbers. Accordingly, Appellants have failed to demonstrate reversible error.

The trial court is in all things affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and SHEPARD, JJ., concur.