Elijah MOORE, Petitioner–Appellant,

v.

Al C. PARKE, Warden, Indiana State Prison, Respondent–Appellee.

No. 97–3357.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 20, 1998.

Decided June 17, 1998.

Rehearing Denied Aug. 19, 1998.

---

Hal R. Culbertson (argued), South Bend, IN, for Petitioner–Appellant.

Geoff Davis (argued), Jeffrey A. Modisett, Office of the Attorney General, Indianapolis, IN, for Respondent–Appellee.

Before CUMMINGS, KANNE, and EVANS, Circuit Judges.

KANNE, Circuit Judge.

Elijah Moore filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the jury's finding that he was an habitual offender under the laws of Indiana. Because we find that the state did not prove the necessary elements to support an habitual offender determination under Indiana law, we grant Moore habeas relief on the habitual offender count.

## I. HISTORY

On September 2, 1983, a jury found Moore guilty of four counts of robbery and determined that he was an habitual offender. The judge sentenced Moore to four separate terms of twenty years in prison for each robbery conviction, with the terms to run concurrently. The judge also enhanced Moore's sentence by thirty years for the habitual offender determination. The facts underlying the robbery conviction are set forth in *Moore v. Parke*, 968 F.Supp. 1338, 1340 (N.D.Ind.1997).

Moore appealed his conviction to the Indiana Supreme Court, challenging only the propriety of the robbery convictions. On November 19, 1985, the Indiana Supreme Court affirmed the convictions. *See Moore v. State*, 485 N.E.2d 62 (Ind.1985).

On October 12, 1989, Moore filed a *pro se* petition for post-conviction relief in the Indiana courts, alleging improprieties in the habitual offender determination. On January 14, 1994, Moore, by counsel, filed an amended petition for post-conviction relief which included claims that the evidence of sequencing was insufficient to convict Moore of the habitual offender charge and that Moore's counsel was ineffective. On October 3, 1994, the post-conviction court denied Moore's petition, stating:

Petitioner was tried and convicted of four (4) counts of Robbery and Habitual Offender in a bifurcated trial by jury in 1983. His direct appeal to the Indiana Supreme Court was rejected in *Moore v. State*, 485 N.E.2d 62 (1985).

He returns to this court, not alleging he is or was innocent, but complaining that this jury was misinformed of the proper sequence of prior unrelated convictions and that he should be relieved of the jury finding of being an Habitual Offender.

Since *Weatherford v. State*, 619 N.E.2d 915 (1993), it is not enough that petitioners show mistakes in procedure. Unlike a trial or appeal in the first instance, petitioner must show in a Petition for Post–Conviction Relief that he in fact is not an Habitual Offender. It is his burden to show the offenses were *not* committed in the proper sequence.

*Moore v. State*, No. 2CR 135 783 540, slip op. at 1 (Superior Ct. Oct. 3, 1994). Since Moore did not make the proper allegations, and conceded during an evidentiary hearing in 1994 that the convictions were in fact in the correct sequence, the Indiana court denied his petition. The court did not reach the issue of ineffectiveness of Moore's trial and appellate counsel.

Moore appealed to the Indiana Court of Appeals. The court of appeals affirmed, citing Moore's failure to allege his innocence as required by *Weatherford*. The court rejected Moore's ineffective assistance of counsel claim based on *Lingler v. State*, 644 N.E.2d 131 (Ind.1994). *Lingler* held that petitioners could not claim their counsel rendered ineffective assistance in failing to challenge the sufficiency of the evidence on an habitual offender finding when they do not meet the burden imposed by *Weatherford*. The court did not address Moore's claim that the *Weatherford* rule violated due process.

Moore sought transfer to the Indiana Supreme Court. The supreme court denied transfer.

On September 5, 1996, Moore filed a petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. On June 25, 1997, the District Court for the Northern District of

Indiana denied Moore's petition, finding that his claims were procedurally defaulted. Moore appealed to this Court.

## II. ANALYSIS

### A. *Standard of Review*

■ The parties dispute whether the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996, which amended 28 U.S.C. § 2254, applies to this case. The only provision relevant to this case is § 2254(d):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A prerequisite for applying this section is that the state court adjudicated the issue before us on the merits. In this case, the state court denied Moore's petition because he failed to satisfy the rule articulated in *Weatherford,* a rule that both parties describe as procedural.[1] Therefore, the state courts did not address Moore's sufficiency of the evidence argument on the merits, and the new standard of review in AEDPA does not apply.

■ Because the Indiana courts require that the state prove habitual offender status beyond a reasonable doubt, we apply the standard of review articulated in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). *See Williams v. Duckworth,* 738 F.2d 828, 831 (7th Cir.1984) (applying *Jackson* standard to habeas petition "because [Indiana] requires that an habitual

offender finding must be supported by proof beyond a reasonable doubt"). Under *Jackson,* a state prisoner can establish a violation of his due process rights only if he can show that no rational trier of fact could have found him guilty beyond a reasonable doubt based on the evidence adduced at the trial. *See Jackson,* 443 U.S. at 324, 99 S.Ct. 2781.

### B. *Procedural Default*

#### 1. Generally

■ Before addressing the merits of Moore's habeas petition, we must establish that Moore provided the state courts with a full and fair opportunity to review his claims. *See Picard v. Connor,* 404 U.S. 270, 276, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Boerckel v. O'Sullivan,* 135 F.3d 1194, 1196 (7th Cir. 1998). Providing a full and fair opportunity requires that Moore have exhausted his state remedies, *see* 28 U.S.C. § 2254(b), (c), and have avoided procedurally defaulting his claims during the state court proceedings, *see United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir.1990). If Moore failed to meet either of these requirements, we are barred from reaching the merits of his claims on federal habeas review. *See Boerckel,* 135 F.3d at 1196.

■ Exhaustion is not at issue in this case. However, the respondent affirmatively raised the question of procedural default and we therefore focus our attention on that issue. The doctrine of procedural default considers the effect on federal habeas review of a "state court declin[ing] to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." *Coleman v. Thompson,* 501 U.S. 722, 730, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). A state court decision declining to hear the merits of the claim will bar federal habeas review if the state court decision rests on a state law ground that is both "independent of the federal question and adequate to support the judgment." *Id.* at 729, 111 S.Ct. 2546.

---

1. While we have some question as to whether the state rule at issue in this case is properly characterized a "procedural rule," both parties proceed

under this premise. We will therefore approach the case under the same assumption, though we do not vouch for its correctness.

Moore does not challenge the independence of the state law from the federal question. Instead, he focuses his assault on the adequacy of the state law ground. A state law procedural rule is not adequate to prevent federal review if the petitioner could not have been "deemed to have been apprised of [the rule's] existence" at the time he omitted the procedural step in question. *See NAACP v. Alabama ex rel. Patterson,* 357 U.S. 449, 457, 78 S.Ct. 1163, 2 L.Ed.2d 1488 (1958); *see also Barr v. Columbia,* 378 U.S. 146, 149, 84 S.Ct. 1734, 12 L.Ed.2d 766 (1964) (State procedural rules "not strictly or regularly followed" do not bar review.). In other words, we are barred from reviewing a state court decision resting on a procedural ground only if the petitioner could have known of the procedural requirement and yet still failed to follow it.

#### 2. *Weatherford v. State*

The procedural requirement at issue is the rule announced in *Weatherford v. State,* 619 N.E.2d 915 (Ind.1993). In *Weatherford,* the Indiana Supreme Court held that a petitioner who raises a sufficiency of the evidence claim on an habitual offender determination for the first·time in a petition for post-conviction relief has the burden of demonstrating that he was in fact not an habitual offender under the laws of Indiana. *See id.* at 917–18. In other words, when a petitioner makes this claim for the first time in post-conviction proceedings, he is not permitted to require the state to establish his habitual offender status as he could on direct appeal. *See id.* Instead, the petitioner "must demonstrate that his various convictions did not in fact occur in the required order." *Id.* at 918.

Prior to *Weatherford,* Indiana courts allowed challenges to the sufficiency of the evidence supporting an habitual offender determination at the post-conviction stage regardless of whether it had been raised on direct review. *See, e.g., Lee v. State,* 550 N.E.2d 304, 305 (Ind.1990) (holding that post-conviction petition alleging sufficiency of evidence claim on habitual offender count should be addressed on the merits despite petitioner's failure to raise issue on direct appeal because such " 'blatant violations of basic and elementary principles' " qualifies for exception to general waiver rule) (quoting *Williams v. State,* 464 N.E.2d 893, 894 (Ind.1984)); *Williams v. State,* 525 N.E.2d 1238, 1241 n. 1 (Ind.1988) (excusing petitioner's failure to raise sufficiency claim on direct review because "[w]here the record of the habitual offender proceeding clearly shows inadequate proof with regard to the chronological sequence of the underlying felonies [Indiana courts] consider such error to be fundamental").[2]

Because Moore did not allege insufficiency of the evidence on direct appeal, the Indiana courts denied Moore's petition on post-conviction review because he did not allege that he was not, in fact, an habitual offender. This reason is an adequate state ground barring federal review only if Moore could have known about the requirement that he prove his innocence at the time he committed the procedural default. Thus, the pivotal question is when Moore omitted the necessary procedural step. If it occurred before the *Weatherford* decision in August 1993, then Moore could not have been apprised of the rule's existence and *Weatherford* does not ·stand as an adequate state ground to bar our

---

**2.** Although at the time of Moore's direct appeal no Indiana court had announced this rule specifically in reference to sufficiency of the evidence claims on habitual offender counts, the "fundamental error" doctrine was well established. *See Haggard v. State,* 445 N.E.2d 969, 971 (Ind.1983) (noting that court can recognize fundamental error even though it was not raised at trial or in direct appeal); *Griffin v. State,* 439 N.E.2d 160, 161–62 (Ind.1982) (same); *Nelson v. State,* 274 Ind. 218, 409 N.E.2d 637, 638 (1980) (fundamental error may be raised at any time); *see also Bailey v. State,* 472 N.E.2d 1260 (Ind.1985) (modifying holdings of *Haggard, Griffin,* and *Nelson* in stating that court will not entertain free-

standing allegations of fundamental error; petitioner must also allege one of the six claims set forth in the post-conviction rules such as conviction was in violation of the Constitution). The Indiana courts had also established that conviction of an offense where evidence of a material element of the offense is lacking is fundamental error. *See Meredith v. State,* 439 N.E.2d 204, 208 (Ind.Ct.App.1982). Given that Moore's post-conviction petition alleged there was no evidence to support the necessary sequencing element of the habitual offender charge such that his conviction was in violation of his due process rights, under the case law at the time the Indiana courts would have heard his petition on the merits.

review. If, on the other hand, the default occurred after August 1993, then Moore was on notice of the rule and should have conformed to it, and *Weatherford* stands as an adequate state ground barring federal review.

### 3. Timing of the Procedural Default

 Our recent opinion in *Liegakos v. Cooke,* 106 F.3d 1381 (7th Cir.1997), controls our analysis in the present case. Liegakos concerned the following facts: Prior to 1994, Wisconsin had allowed criminal defendants to present any constitutional contention on collateral attack regardless of whether they had presented the claim on direct appeal. *See id.* at 1384. In 1994, the Supreme Court of Wisconsin changed the rule and held that if an issue was not raised on direct appeal, petitioners must show a sufficient reason for this omission before the issue would be heard on collateral review. *See id.* Liegakos' conviction for murder was affirmed in 1987, and he collaterally challenged his conviction in 1994 without providing any reason why he omitted the specific challenge from his direct appeal. *See id.* The Wisconsin court held that the rule announced in 1994 applied to his case, and therefore he must have alleged some sufficient reason that he had omitted the specific challenge on direct review. *See id.* Because his petition did not allege any such reason, the Wisconsin court denied his petition. *See* id.

On habeas review, we held that the 1994 rule was not an adequate state ground barring our review. *See id.* at 1385. We considered the operative "default" not when Liegakos failed to allege a sufficient reason in his post-conviction petition, but instead at the time when Liegakos took his direct appeal and failed to assert the ground at issue. *See id.* We noted that it mattered not whether Liegakos actually relied on the old rule when formulating his direct appeal, stating that the inquiry was an objective one. *See id.* "[A]ll that matter[s][is] what the announced rules were on the date of the act or omission said to work the forfeiture.... Whether or not Liegakos relied on [the old rule] in 1987, he could have presented his constitutional claims to the state courts between 1988 and

1993.... [T]he [1994 rule] is not an 'adequate' state ground for appeals briefed before its announcement." *Id.*

Moore's situation is similar to the one Liegakos faced. Prior to the state courts hearing his collateral attack, the state Supreme Court changed the rule governing collateral review. While before this change Moore could have challenged his habitual offender status for insufficient evidence, now he was required to show factual innocence—not just that the government had not proven its case, but that his prior convictions had not, in fact, been committed in the proper sequence for an habitual offender finding under state law.

*Liegakos* instructs us that when a rule changes the standard for collateral review based on the failure to raise a claim on direct appeal, the default occurs at the time of the direct appeal. For Moore, this holding means his default occurred at the time he filed his direct appeal and omitted the sufficiency challenge to the habitual offender charge. Thus his default occurred at the latest in 1984, years before the Indiana Supreme Court's *Weatherford* decision. Because at the time of his default, Moore could not have been "deemed to be apprised of [the rule's] existence," *Weatherford* does not stand as an adequate state ground to bar to our review. Thus we may address the merits of his petition.

### C. *Insufficiency of the Evidence*

 Indiana law, both at the time of Moore's conviction and now, requires that for an habitual offender determination the state must prove beyond a reasonable doubt that a person has accumulated two prior unrelated felony convictions. *See* Ind.Code § 35–50–2–8. The Indiana Supreme Court has interpreted this requirement as follows:

> [T]he State must show that the defendant had been previously *twice convicted* and *twice sentenced* for felonies, that the commission of the second offense was subsequent to his having been sentenced upon the first and that the commission of the principal offense upon which the enhanced punishment is being sought was subsequent to his having been sentenced upon the second conviction.

*Miller v. State*, 275 Ind. 454, 417 N.E.2d 339, 342 (1981). In short, the state must prove that the commission, conviction, and sentencing for the first offense all occurred before the second offense was committed, and that the commission, conviction and sentencing for the second offense all occurred prior to the offense in the principal case. *See Zavesky v. State*, 515 N.E.2d 530, 532 (Ind.1987); *Jordan v. State*, 510 N.E.2d 655, 659–60 (Ind. 1987); *Miller*, 417 N.E.2d at 342; *Stiles v. State*, 686 N.E.2d 886, 889 (Ind.Ct.App.1997); *Spann v. State*, 681 N.E.2d 223, 225 (Ind.Ct. App.1997).

In Moore's 1983 trial, the state did not prove the sequencing necessary for an habitual offender finding. The state introduced Moore's commitment records for a 1968 burglary conviction and a 1973 second degree murder conviction. The state's evidence consisted solely of reading these documents into the record. The records concerning the 1968 conviction consisted of a photograph, a fingerprint card, a description of Moore, and a document entitled "Commitment." The Commitment stated that on August 20, 1968, Moore was found guilty of burglary in the second degree and was sentenced to two to five years in prison. Neither this Commitment nor the other documents admitted into evidence gave any indication of when Moore committed the offense. The evidence concerning the 1973 conviction was similar—a photograph, a fingerprint card, a description of Moore, and a Commitment. Again, these documents gave no indication of when Moore committed the offense.

The state also attempted to introduce an indictment attached to the 1973 Commitment. We may assume that the indictment would have established the date of the offense. However, Moore's counsel objected to admission of the indictment on the grounds that it was unreadable. The state agreed to remove the document from the evidence, and the notation "indictment" was removed from the certification of records.

Thus, the only evidence the jury could have considered in its habitual offender determination consisted of the two Commitment records, neither of which established the date the offenses were committed. Given this evidence, the state could not have proven beyond a reasonable doubt that the offenses occurred in the requisite sequence. *See Zavesky*, 515 N.E.2d at 532 (finding evidence insufficient to support habitual offender determination where only evidence submitted was commitment records which did not show the dates of commission of offenses); *Jordan*, 510 N.E.2d at 660 (vacating habitual offender finding because the state documented defendant's second conviction through commitment records which did not show when offense was committed).

Because the state did not meet its burden of proving that Moore was an habitual offender beyond a reasonable doubt, Moore's petition for habeas corpus relief must be granted. We therefore reverse the decision of the district court denying habeas corpus relief and remand this case to the district court with directions that it issue a writ granting Moore relief under § 2254 regarding the imposition of sentence upon Moore as an habitual offender.