**Robert W. WOODS, Petitioner,**

v.

**Jerry D. GILMORE, Warden, Respondent.**

**No. 98–CV–2143.**

United States District Court,
C.D. Illinois,
Danville/Urbana Division.

Nov. 12, 1998.

---

Robert W. Woods, Pontiac, IL, petitioner pro se.

Jay Paul Hoffman, William L. Browers, Office of the Attorney General, Chicago, IL, for respondent.

## ORDER

McCUSKEY, District Judge.

On June 25, 1998, the District Court for the Northern District of Illinois granted Petitioner, Robert W. Woods, leave to proceed in forma pauperis with his petition under 28 U.S.C. § 2254 for a writ of habeas corpus (# 8). Also on June 25, 1998, the petition was transferred to this court. On June 30, 1998, Petitioner filed a lengthy document which Petitioner states includes newly discovered evidence relevant to his case (# 9). In both his petition and supporting document, Petitioner challenges his conviction of first degree murder, alleging that he was denied his constitutional right to the effective assistance of counsel. Petitioner named the State of Illinois as Respondent in this action. However, this court notes that, pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, "the state officer having custody of the applicant shall be named as respondent." Accordingly, Jerry D. Gilmore, the warden at Pontiac Correctional Center, has been substituted as Respondent.

On August 26, 1998, Respondent filed a Motion to Dismiss the Petition (# 13). Respondent argues that Petitioner still has an appeal pending in the Appellate Court, Fourth District. Respondent notes that Petitioner has raised many of the same issues in the case now pending on appeal. Respondent thus argues that Petitioner's petition for habeas corpus relief should be dismissed for failure to exhaust state remedies. This court agrees. Respondent's Motion to Dismiss (# 13) is GRANTED, and Petitioner's petition (# 8) is dismissed without prejudice.

## FACTS

In April 1993, Petitioner was charged with the offense of first degree murder. Petitioner was represented by counsel, James Kuehl. On October 24, 1994, Petitioner pleaded guilty. Pursuant to a plea agreement, he was sentenced to a term of imprisonment for natural life. No motion to withdraw the plea, motion to reduce sentence or notice of appeal was filed within 30 days of sentencing. Subsequently, apparently in July 1997, Petitioner wrote a letter to the Appellate Court, Fourth District. On July 31, 1997, the clerk of the Appellate Court wrote to Petitioner and informed him that the Appellate Court could not address his issues because no timely notice of appeal was filed. The clerk informed Petitioner that he could raise his issues in a post-conviction petition.

On July 31, 1997, Petitioner filed, in circuit court, a motion to withdraw his guilty plea. The motion was denied as untimely. On September 11, 1997, Petitioner filed a *pro se* petition for relief pursuant to the Post–Conviction Hearing Act (725 Ill.Comp.Stat. 5/122–1 *et seq.*). Petitioner alleged that his trial counsel was ineffective because he forced Petitioner to plead guilty rather than go to trial and failed to file a motion to withdraw the guilty plea as Petitioner had requested. On October 7, 1997, Associate Judge Jeffrey B. Ford entered an eight-page Order. Judge Ford, after careful and lengthy consideration of Petitioner's claims, found they were frivolous and patently without merit. Petitioner subsequently filed another Post–Conviction Petition which was denied as untimely. Petitioner also attempted to file a *pro se* appeal with the Appellate Court, Fourth District. Petitioner was instructed to file a motion requesting permission to file a late notice of appeal. This motion was denied in an order entered on December 23, 1997. Petitioner filed a petition for leave to appeal from this order to the Illinois Supreme Court. This petition was denied on April 1, 1998.

Petitioner was not notified of Judge Ford's October 7, 1997, Order until November 17,

1997. Accordingly, Judge Ford treated a November 24, 1997, letter from Petitioner to the circuit court clerk as a timely request for an appeal. Judge Ford ordered that a notice of appeal from the October 7, 1997, decision be filed. In addition, he appointed the State Appellate Defender to represent Petitioner on appeal. This appeal from the denial of Petitioner's Post–Conviction Petition alleging ineffective assistance of counsel, No. 4–98–0015, is still pending in the Appellate Court, Fourth District.

## ANALYSIS

Before addressing the merits of Petitioner's habeas petition, this court must establish that Petitioner provided the state courts with a full and fair opportunity to review his claims. See *Moore v. Parke*, 148 F.3d 705, 708 (7th Cir.1998). Providing a full and fair opportunity requires that Petitioner have exhausted his state remedies. See *Moore*, 148 F.3d at 708, citing 28 U.S.C. § 2254(b), (c). This is because "federal courts should not, for reasons of comity and deference to state courts, entertain a claim in a habeas corpus petition until the state courts have had an opportunity to hear the matter." *Boerckel v. O'Sullivan*, 135 F.3d 1194, 1196–97 (7th Cir.1998). The exhaustion doctrine allows the state court system to decide the merits of the claim first. *Boerckel*, 135 F.3d at 1197. If Petitioner has failed to meet this requirement, this court is barred from reaching the merits of his claims on federal habeas review. *Moore*, 148 F.3d at 708. However, this court notes that the issue of failure to exhaust state remedies is one of timing, not jurisdiction. *Boerckel*, 135 F.3d at 1197.

In this case, Petitioner's appeal to the Appellate Court, Fourth District, is still pending. This appeal is from the denial of his Post–Conviction petition, in which he raised the issue of ineffective assistance of counsel. This court concludes that the Illinois Appellate Court must be allowed to decide the issue first. See *Boerckel*, 135 F.3d at 1197. Accordingly, Respondent's Motion to Dismiss (# 13) is GRANTED. Petitioner's petition (# 8) is dismissed without prejudice. Petitioner is allowed leave to file a motion for its reinstatement within 90 days after the issuance of a decision by the Illinois Appellate Court, Fourth District, that rules on Petitioner's now-pending appeal from the denial of his Post–Conviction petition. See *Parisi v. Cooper*, 961 F.Supp. 1247, 1249 (N.D.Ill.1997). If no such timely motion for reinstatement is filed by the end of that period, the dismissal order that has been entered here will become final on the next court day. See *Parisi*, 961 F.Supp. at 1249.